The Chancellor.
This is not the case of a borrower and lender residing in New-Jersey, making a contract for the loan of money, and going into New-York to exchange the papers, .arid reserving seven per cent, interest,.. All the parties to this contract resided in New-York at th.e time it was made. The bond and mortgage both truly state the parties, obligor and obligees, and mortgagor and mortgagees, ás of the city of New-York; The papers were executed in New-York, the mortgage is acknowledged in New-York. It is clearly a New-York transaction.
A., residing in New-York, lends B., also residing in New-York, a sum of money, and takes his bond for it payable in one year, at New-York interest, seven per cent. To securer the.bond, the borrower gives the lender a mortgage on lands in New-Jersey. It would be- a singular application of the lex loci *19 reí sitae,, to say, that because this New-York contract is secured by a mortgage on lands in New-Jersey, where the legal interest is six per cent, only, it is void for usury, or even to say that the lender shall receive only New-Jersey interest: 3 Atk. 727, Stapleton v. Conway.
Another ground relied on by the defendant was, that the bond and mortgage, though executed, witnessed and acknowledged in New-York, were actually delivered at the clerk’s office in New-Brunswick, New-Jersey, and not in New-York. I do not see that the mere fact of the exchange of the papers in some place out of New-York, deprives it of the character of a New-York contract. But in this case, the reason why it was done is manifest. It was done by arrangement between the parties, and by the advice of the complainants’ counsel, in order that the complainants might be sure that their mortgage found its right place on the record.
As to the rate of interest in New-York, it is sufficiently proved in the case, if it were necessary to prove it. But it was not necessary. The defence is usury by the law of New-Jersey. This defence cannot be made in relation to a New-York contract.
The defence is overcome by showing that this was a contract not subject to the New-Jersey statute. If the contract was usurious in New-York, it was for the defendant to show it, in pleading and proof.
The complainants are entitled to the relief sought by their bill. The usual reference -will ba ordered.
Order accordingly.